1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREEN TREE SERVICING, LLC, a
Delaware limited liability company, f/k/a
CONSECO FINANCE SERVICING
CORPORATION,

               Plaintiff,

        v.

MARIA J. SHOEMAKER and All Occupants
of the Premises located at 5348 Southeast
Country Club Way, Port Orchard, Washington
98367,

               Defendants/Third-Party
               Plaintiff,

        v.

CRAIG L. JONES and LAWRENCE A.
COSTICH, individually, and as agent for
CONSECO FINANCE SERVICING
CORPORATION f/k/a GREEN TREE
FINANCIAL SERVICING
CORPORATION, LAWRENCE COSS, et
al.,

               Third-Party
               Defendants.

Case No. C05-5410RJB

ORDER GRANTING
GREEN TREE
SERVICING, LLC'S
MOTION FOR REMAND

     This matter comes before the court on Green Tree Servicing, LLC's Motion for Remand.  Dkt. 3.
The court has considered the relevant documents and the remainder of the file herein.

ORDER
Page - 1

PROCEDURAL HISTORY

On June 13, 2005, defendant Maria Janet Moffit Shoemaker removed this civil case from Kitsap County Superior Court to federal court.  Dkt. 2.  Ms. Shoemaker also filed a document captioned "Libel of Review/Counterclaim in Admiralty," which the court has considered to be a counterclaim.  Dkt. 1.

In the notice of removal, Ms. Shoemaker stated that diversity jurisdiction exists because Green Tree Servicing, LLC (Green Tree) is a corporation of the United States and Ms. Shoemaker is an inhabitant on the land of Washington.  Dkt. 2-3.  In her counterclaim, plaintiff contends that she is not a citizen of the United States but is "one known as an American, resting on the soil of America," and that she is not subject to the legal authority of the United States or any state.  Dkt. 1, at 9.  Plaintiff has attached numerous documents to her counterclaim, apparently in support of her claim that the courts have no jurisdiction over her.  Dkt. 1.

Plaintiff has provided documents filed in the case she removed to this court, Kitsap County Superior Court cause no. 05-2 01142-6, as well as related documents filed in other cases.  This case involves an unlawful detainer action filed by Green Tree in Kitsap County Superior Court.  Proceedings prior to this unlawful detainer action are set forth in the decision of the Washington Court of Appeals in *Peresha Merite Family Trust v. Conseco Finance Servicing Corp*., 126 Wn.App. 1035 (2005).

On May 18, 2005, Green Tree filed an unlawful detainer action pursuant to RCW 23B.15.010 *et seq.* and RCW 23B.18.010 *et seq.* in Kitsap County Superior Court.  Kitsap County cause no. 05-2-01142-6.  Green Tree contends that, on January 26, 2001, it acquired title to the subject property at a non-judicial trustee's sale conducted pursuant to RCW 61.24.010 et seq.; that the Trustee's Deed to the property was issued to Green Tree on January 26, 2001; and that the Trustee's Deed was recorded on February 13, 2001, under Kitsap County Auditor's File No. 200102130333.  See Dkt. 1, Declaration of Lawrence Costich in Support of Motion to Show Cause, at 1-2.  In that action, Green Tree moved, on May 18, 2005, for an order directing Issuance of a Writ of Restitution to eject Ms. Shoemaker from the property.  Dkt. 1, Motion for Order Issuing Writ of Restitution.  Plaintiff then removed the case to federal court and filed the counterclaim.  Dkts. 1 and 2.

1    **1. Motion to Remand**

2        On June 23, 2005, Green Tree, the plaintiff in the civil action initiated in Kitsap County under

3    Kitsap County Cause No. 05-2-1142-6, filed a motion for remand, requesting (1) that the court remand

4    this unlawful detainer action to state court because there is no diversity of citizenship, the amount in

5    controversy does not exceed $75,000, and only the state court has jurisdiction, pursuant to RCW

6    59.12.010 *et seq*. over the issues in the unlawful detainer action; (2) award attorney's fees and reasonable

7    expenses pursuant to 28 U.S.C. § 1447(c) and/or sanctions pursuant to Fed.R.Civ.P. 11; and (3) dismiss

8    Ms. Shoemaker's third-party claim pursuant to Fed.R.Civ.P. 8 and Fed.R.Civ.P. 12(b)(6), and award

9    sanctions pursuant to Fed.R.Civ.P. 11.  Dkt. 3.

10       Removal of a case from a state court to a United States District Court is governed by the

11   provisions of 28 U.S.C. §§ 1441 and 1446.  RCW 28 U.S.C. § 1441(a), provides, in relevant part, as

12   follows:

13   > Except as otherwise expressly provided by Act of congress, any civil action brought in a State court
>    of which the district courts of the United States have original jurisdiction, may be removed by the
14   > defendant or defendants, to the district court of the United States for the district and division
>    embracing the place where such action is pending.  For purposes of removal under this chapter, the
15   > citizenship of defendants sued under fictitious names shall be disregarded.

16   28 U.S.C. § 1441(a).

17       Only actions that originally could have been filed in federal court may be removed to federal court

18   by the defendant.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Courts strictly construe the

19   removal statutes in favor of remand and against removal.  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.

20   1996).

21       The federal court has original jurisdiction of all civil actions arising under the Constitution, law, or

22   treaties of United States, 28 U.S.C. § 1331.  The federal court also has original jurisdiction of all civil

23   actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

24   costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a

25   foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are

26   additional parties; and (4) a foreign state...as plaintiff and citizens of a State or of different states.  28

27   U.S.C. § 1332.

28

Green Tree contends that plaintiff has not alleged sufficient facts upon which to base federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

### A. Federal Question

Green Tree contends that the complaint does not allege facts that would establish federal question jurisdiction pursuant to 28 U.S.C. § 1331.

A case "arises under" federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9- 12 (1983); *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914); *Louisville & Nashville Railroad v. Mottley*, 211 U.S. 149, 152 (1908).  The federal question must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. *Gully v. First National Bank*, 299 U.S. 109, 113 (1936). A right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.  *Id*. at 112.  Where the case does not arise under federal law and does not meet the requirements of diversity jurisdiction, the federal court lacks subject matter jurisdiction.

This case was filed as an unlawful detainer action, pursuant to RCW 59.12.010 et seq.  Pursuant to RCW 59.12.050, the superior court of the county in which the property is situated has exclusive jurisdiction over the proceedings under Chapter 59.12. RCW.  No federal question is presented in this case.  Accordingly, the court does not have original jurisdiction over the unlawful detainer claims.

### B. Diversity of Citizenship

Green Tree maintains that the complaint does not properly allege facts that would establish diversity jurisdiction under 28 U.S.C. § 1332.

Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.  *See Whitmire v. Victus Ltd. t/a Master Design Furniture*, 212 F.3d 885, 887 (5th Cir.2000) ("[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.") *(quoting Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n. 13 (3d Cir.1999)); *see also* 5 C.A. Wright & A. Miller, Federal Practice and Procedure § 1208 at 101 (2d ed.1990).  The party asserting diversity jurisdiction bears the burden of proof.  *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir.1986).

1       In this case, Ms. Shoemaker has not alleged facts that would establish that the parties are of diverse

2  citizenship.  She alleges that Green Tree is a corporation of the United States and that she is an inhabitant

3  on the land of Washington; this allegation is insufficient to show that the parties are citizens of different

4  states.  Ms. Shoemaker claims that she is "one known as an American, resting on the soil of America," not

5  subject to the legal authority of the United States or any state. This allegation is frivolous and without

6  merit, and does not establish diversity jurisdiction under 28 U.S.C. § 1332.  Moreover, plaintiff has not met

7  the $75,000 amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332.  Green

8  Tree's only claim against Ms. Shoemaker in the unlawful detainer action is limited to the question of

9  possession.  *See Plein v. Lackey*, 149 Wn.2d 214 (2003); *Peoples Nat'l Bank v. Ostrander*, 6 Wn.App. 28,

10  30-31 (1971); *Savings Bank of Puget Sound v. Mink*, 49 Wn.App. 204, 208 (1987); *Josephinium Assoc. v.*

11  *Kahli*, 111 Wn.App. 617, 624 (2002).  The Washington State Deed of Trust statute gives the purchaser the

12  right to obtain possession of the real property by summary proceedings in an unlawful detainer action.

13  RCW 61.24.060; Peoples Nat'l Bank, 6 Wn.App. at 31.  Accordingly, there is no monetary amount in

14  controversy, only possession of the property.

15       Because Ms. Shoemaker has not properly alleged the elements required to establish diversity

16  jurisdiction, the could does not have original jurisdiction over this case pursuant to 28 U.S.C. § 1332.

17                **C.  Conclusion**

18       Because plaintiff has not established that the federal court has original jurisdiction over the claims

19  in this case, Green Tree's motion to remand should be granted, and this case should be remanded to Kitsap

20  County Superior Court.

21       **2.  Ms. Shoemaker's Counterclaim**

22       Ms. Shoemaker has filed a document captioned "LIBEL OF REVIEW/COUNTERCLAIM IN

23  ADMIRALTY RE: God-given unalienable rights in the Original Estate Article III; Constitution."  Dkt. 1.

24  Green Tree maintains that this pleading has not been properly pled and should be dismissed pursuant to

25  Fed.R.Civ.P. 8, or in the alternative, for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

26       This document is related to the underlying unlawful detainer action.  Therefore, proceedings related

27  to this counterclaim should follow the underlying action that is being remanded to state court.

28

**3. Documents filed by Ms. Shoemaker**

On July 12, 2005, Ms. Shoemaker filed two sets of documents, captioned "Notice of Judgment in Estoppel." Dkts. 6 and 7. Included with one of the sets of documents is a document captioned "Default Judgment." Dkt. 7. Although it is not at all clear, it appears that Ms. Shoemaker believes that she is entitled to judgment against Green Tree. These documents, although appearing to include legal language, are without foundation, and are clearly frivolous. The court is aware of documents, apparently filed in New Mexico, that have no bearing on this case.

**4. Attorney's Fees and Costs**

Green Tree Requests attorney's fees under 28 U.S.C. § 1447(c) for improper removal or as sanctions under Fed.R.Civ.P. 11.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payments of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996). Green Tree has not provided a declaration detailing the costs incurred as a result of this removal. The court is unable to award costs absent such information. Accordingly, Green Tree's request for attorney's fees under 28 U.S.C. § 1447(c) should be denied without prejudice. The documents Ms. Shoemaker filed after this case was removed are frivolous and without merit. These documents have been filed in connection to the unlawful detainer action that was originally filed in state court and removed to the federal court. It appears that these documents have been filed to obstruct and delay the proceedings related to the unlawful detainer action. Green Tree's responses to these documents are expenses related to the removal. Sanctions under Fed.R.Civ.P. 11 are not warranted at this time, in light of Ms. Shoemaker's *pro se* status, and in light of the fact that Green Tree's expenses caused by the improvident removal are recoverable under 28 U.S.C. § 1447(c). (An award of sanctions would amount to double recovery.)

Therefore, it is hereby

**ORDERED** that Green Tree Servicing, LLC's Motion for Remand (Dkt. 3) is **GRANTED**. This case is **REMANDED** to the Superior Court of the State of Washington in and for Kitsap County. Green Tree's request for attorney's fees under 28 U.S.C. § 1447(c) is **DENIED WITHOUT PREJUDICE**.

1    The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record

2   and to any party appearing *pro se* at said party's last known address.  The Clerk is further directed to send

3   certified copies of this order to the Clerk of the Superior Court of the State of Washington in and for

4   Kitsap County.

5    DATED this 15th day of July, 2005.

6

7

8                                             Robert J. Bryan
                                              U.S. District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 7