UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREEN TREE SERVICING, LLC, a Delaware limited liability company, f/k/a CONSECO FINANCE SERVICING CORPORATION,

Plaintiff,

v.

MARIA J. SHOEMAKER and All Occupants of the Premises located at 5348 Southeast Country Club Way, Port Orchard, Washington 98367,

Defendants/Third-Party Plaintiff,

v.

CRAIG L. JONES and LAWRENCE A. COSTICH, individually, and as agent for CONSECO FINANCE SERVICING CORPORATION f/k/a GREEN TREE FINANCIAL SERVICING CORPORATION, LAWRENCE COSS, et al.,

Third-Party Defendants.

Case No.  C05-5410RJB

ORDER GRANTING GREENTREE SERVICING, LLC'S  MOTION FOR ATTORNEY FEES AND COSTS

This matter comes before the court on Plaintiff's Motion for Attorney Fees and Costs.  Dkt. 19.  The court has considered the pleadings filed in support of the motion and the file herein.

PROCEDURAL BACKGROUND AND MOTION

On June 13, 2005, defendant Maria Janet Moffit Shoemaker removed this civil case from

ORDER - 1

Kitsap County Superior Court to federal court. Dkt. 2. Ms. Shoemaker also filed a document captioned "Libel of Review/Counterclaim in Admiralty," which the court considered to be a counterclaim. Dkt. 1. The case involved an unlawful detainer action filed by Green Tree Servicing, LLC (Green Tree), in Kitsap County Superior Court: Cause no. 05-2 01142-6. On July 15, 2005, the court issued an order concluding that plaintiff had not alleged sufficient facts upon which to base federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332, and remanding the case to Kitsap County Superior Court. Dkt. 9. In that order, the court denied Green Tree's motion for attorney's fees without prejudice, noting that Green Tree had not provided a declaration detailing the costs incurred as a result of this removal. *Id.*

On July 27, 2005, Green Tree filed a motion for attorney's fees, requesting $10,585.01 in attorney's fees and costs related to the motion to remand, and $250 in attorney's fees related to this motion, for a total of $10,835.01. Dkt. 19. Ms. Shoemaker has not filed a response to the motion. However, the minute order renoting the motion for August 12, 2005, was returned by the Post Office, with the following notation: "Return to Sender Refused for cause without dishonor without recourse to me no current contract." Dkt. 27. This is not a response. According to Western District of Washington Local Civil Rule 7 (b)(2), "If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." The Judgment entered in this case was also returned by the Post Office, with a similar notation. Dkt. 26.

## DISCUSSION

28 U.S.C. § 1447(c) provides as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

A court may award attorney fees when removal is wrong as a matter of law. *Balcorta v. Twentieth Century-Fox Film Corp.,* 208 F.3d 1102, 1106 n. 6 (9th Cir. 2000); *see also Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 448 (9th Cir.1992) (holding that bad faith need not be

ORDER - 2

demonstrated to award fees). The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court. *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir.1998).

In this case, the court did not have original jurisdiction over the claims, since this unlawful detainer action did not involve a federal question, and requirements for diversity jurisdiction were not met. *See* Dkt. 9. There was not an arguable basis for removal, and the notice of removal was unreasonable and frivolous. Accordingly, pursuant to 28 U.S.C. § 1447(c), the court should require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal.

In determining what attorney's fee is reasonable in a particular case, the court arrives at the "lodestar amount" by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Jordan v. Multnomah County*, 799 F.2d 1262, 1265 (9th Cir. 1986) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Once the number of reasonable hours is determined, the district court must set a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees.

In reviewing a claim for attorney's fees, the court should consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir.1975), *cert. denied*, 425 U.S. 951 (1976). These considerations are consistent with Washington Rules of Professional Conduct 1.5.

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Gomez*, 60 F.3d 525,

ORDER - 3

534-35 (9th Cir. 1995). The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Id.*

*Time and Labor:* Green Tree has requested attorney's fees and costs of $10,585.01 related to the motion to remand, and $250 related to the motion for attorney's fees. The court has reviewed the time sheets for this case. Mr. Costich, who prepared pleadings related to the Motion to Remand, should be awarded fees. Time charged by other attorneys in this case appears to be related to supervision and activities that are duplicative of those services performed by Mr. Costich; the court should not award fees for these activities. Mr. Costich charged 31.8 hours to this case (in addition to the costs involved in preparing the motion for attorney's fees). Those hours should be reduced by 4, since the 7/13/05 entry for 2.5 hours and the 7/15/05 entry for 1.5 hours were related to issues other than the Motion to Remand. Accordingly, a reasonable time spent on the Motion to Remand by an attorney was 27.8 hours. The court should also award $250 for time spent preparing this motion for attorney's fees and costs, since these fees and costs are related to the Motion to Remand.

*Novelty of the case and requisite skill.* The time spent by Mr. Costich on this case was significant, more than would be expected to pursue remand of an unlawful detainer case. However, the expenditure of this time was reasonable, considering the frivolous nature of the documents filed by Ms. Shoemaker and the volume of those documents.

*Customary fee.* The fee charged for Mr. Costich's time was $200 per hour. Mr. Costich is an associate at Graham & Dunn, and his practice is primarily litigation of real estate and land use matters. Mr. Costich stated that he is familiar with fee ranges for work of the nature involved in this case, and he believes that the hourly rates charged by Graham & Dunn, and the fees and costs incurred, are reasonable. The court has no reason to discredit Mr. Costich's assertions regarding the customary fees. The court should award an attorney's fee of $200 per hour.

*Amount involved and results.* This case involves an unlawful detainer action, not a money judgment. Green Tree prevailed on the Motion to Remand. The number of hours spent on this case appears to be reasonable in light of the issues involved and the result.

ORDER - 4

*Experience, reputation*. Mr. Costich appears to have experience and knowledge in the area of real estate. He charged at the rate of an associate at Graham & Dunn. The number of hours and the hourly fee appear to be reasonable.

*Undesirability of case*. This case was neither desirable nor undesirable.

*Costs*. Green Tree has provided information related to costs for copies, express mail, and postage. Dkt. 19. However, Green Tree did not request reimbursement for these costs separate and apart from the award of attorney's fees. It appears that those costs have been absorbed into the attorney's hourly rate. It does not appear that a separate award for costs is warranted.

*Conclusion*. Green Tree's request for attorney's fees should be granted in the amount of $5,560 for attorney's fees related to the Motion to Remand (27.8 hours times $200 per hour) and $250 for attorney's fees related to the motion for attorney's fees, for a total of $5810.

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Attorney Fees and Costs (Dkt. 19) is **GRANTED.** Ms. Shoemaker is **ORDERED** to pay to Green Tree Servicing, LLC $5810 for attorney's fees and costs. The amount awarded is due and payable upon entry of this Order.

The Clerk of the Court is instructed to send uncertified copies to this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 17th day of August, 2005.

_____
Robert J. Bryan
U.S. District Judge

ORDER - 5